UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TODD H. MERCER | CIVIL ACTION NO. 16-cv-0670 |
| VERSUS | CHIEF JUDGE HICKS |
| STEVE PRATOR, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Todd Mercer ("Plaintiff") is a self-represented inmate who filed this civil rights action based on allegations that he was housed in the Caddo Correctional Center ("CCC") and exposed to black mold when he was housed there between August 6, 2014 and October 15, 2015. Plaintiff is now housed in the Tensas Parish Detention Center. Before the court are a number of discovery-related motions filed by Plaintiff.

Plaintiff has filed two **Motions to Subpoena Medical Records (Docs. 59 and 60)** that ask the court to subpoena his medical records from the Bossier Medium Security facility and the Tensas Detention Center. Plaintiff contends that the records will show his history of treatment for symptoms related to mold exposure. He has also filed a **Motion to Compel Inspection Reports (Doc. 64)** that asks the court to order the Caddo Parish Health Department to produce inspection reports for the jail issued between 2012 and 2014. **All three motions are denied**.

The court does not subpoena medical or other records. Under Federal Rule of Civil Procedure 45, a pro se party may request a subpoena, signed but otherwise in blank, from the Clerk of Court. The party must then complete the subpoena and serve it. Service may

be made by any person who is at least 18 years old and not a party, and service requires delivering a copy to the named person.  Rule 45 also sets forth the contents that must be included in the subpoena.

Plaintiff has filed a **Motion to Compel Interrogatories (Doc. 61)** in which he asks the court to compel three physicians who have treated him to answer several questions about their treatment of Plaintiff.  The motion is **denied**.  Federal Rule of Civil Procedure 33 provides that interrogatories may be served on any other *party*.  None of the three physicians is a party to this suit.  If a party wishes to question a non-party witness, he may do so by oral deposition under Rule 30.  A prisoner may also seek leave of court under Federal Rule of Civil Procedure 31 to question a non-party witness by means of a deposition by written questions.  Rule 31 sets forth the requirements for depositions by written questions, which include serving the proposed questions on the other parties with a notice stating the deponent's name and address.  Both rules contemplate that the deposition will be administered by a court reporter or other authorized officer, and it is the prisoner's responsibility to arrange for such an officer and pay their fees.  Court reporters are not required to work for free for pauper parties.

Plaintiff has also filed a **Motion to Compel Expert Testimony (Doc. 62)** by which he seeks to require Dr. Joseph Mercola to answer written interrogatories.  Plaintiff represents that Dr. Mercola is a specialist in mold poisoning who has studied the effects of mold on humans and has published articles on the topic. The motion is **denied** for the same reasons given above.  The court does not administer interrogatories or other questions to non-party witnesses.  Plaintiff must employ the procedure allowed by the Federal Rules of

Civil Procedure if he wishes to question a witness.  Expert witnesses are ordinarily hired by a party, and they are not required to render opinions for free when asked by a pauper party.

Plaintiff filed a **Motion to Compel Medical Exam (Doc. 63)** that asks the court to order a surgical procedure that Plaintiff argues will remove a persistent sinus infection.  He represents that the physician at the Tensas facility has treated him with steroids and antibiotics, but without success.  The motion is **denied**.  This motion asks for extraordinary injunctive relief that could be appropriate only if Plaintiff prevailed on the merits of a medical indifference claim against the Tensas authorities, who are not parties to this case.  Such an order is beyond the scope of this case.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of June, 2018.

Mark L. Hornsby
U.S. Magistrate Judge